UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN FRANK MANDARELLI, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | 1:14-cv-00418-JAW |
| WARDEN, MAINE STATE PRISON, | ) ) ) | |
| Respondent. | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

Petitioner John Frank Mandarelli, Jr., has filed a petition, pursuant to 28 U.S.C. § 2254, to vacate, set aside or correct his sentence. (Petition, ECF No. 1.) In this petition, he asserts a claim of ineffective assistance of counsel based on newly discovered facts (Ground One) and actual innocence (Ground Two). (Petition at 5, 7.) After review of the petition and the record, pursuant to the gatekeeping provisions of 28 U.S.C. §§ 2244, because the filing is a second or successive petition, the recommendation is that in accordance with Rule 4 of the Rules Governing Section 2254 Proceedings, the Court dismiss the petition without requiring the State to answer. If the Court adopts this recommended decision, Petitioner's motion to extend time to obtain counsel and pay the filing fee (ECF No. 3) could be denied as moot.

In 2006, Petitioner filed a section 2254 petition that was denied as time-barred, pursuant to 28 U.S.C. § 2244(d)(1). *Mandarelli v. Warden*, No. 06-125-B-W, 2007 WL 313395, 2007 U.S. Dist. Lexis 7031 (D. Me. Jan. 30, 2007). In 2010, Petitioner filed an application in the First Circuit

Court of Appeals for permission to file a second or successive habeas petition, and the Court denied the application. *Mandarelli v. Warden*, No. 10-1566 (1st Cir. May 20, 2010).[1]

This Court lacks subject matter jurisdiction to consider a second or successive section 2254 petition unless the First Circuit has specifically authorized the Court to consider the petition. In particular, section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* First Circuit Local Rule 22.1; *Bruins v. Cain*, 162 F.3d 95 (5th Cir. 1998) (per curiam) (noting that the district court should have dismissed a section 2254 petition for lack of subject matter jurisdiction rather than for failure to prosecute when the petitioner failed to obtain prior permission from the Fifth Circuit to file a successive petition); *see also Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (applying same jurisdictional analysis in the context of a petition brought by a federal prisoner pursuant to 28 U.S.C. § 2255). Petitioner has not asserted, nor does the record otherwise reflect, that the First Circuit has authorized Petitioner to initiate this matter. The Court, therefore, lacks jurisdiction to consider the petition.

## Conclusion

Based on the foregoing analysis, the recommendation is that the Court dismiss the petition. In addition, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), the recommendation is that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

---

[1] The Supreme Court denied a writ of certiorari. *Mandarelli v. Warden*, 131 S. Ct. 578 (2010). *See also* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.")

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Date this 29th day of October, 2014.